**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **J.Z.**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **U.S. DEPARTMENT OF HOMELAND SECURITY**, *et al.*, <br><br> **Defendants.** | **Civil Action No. 26-1510** |

## <u>MEMORANDUM OPINION AND ORDER</u>

On December 5, 2025, the Department of Homeland Security issued a policy announcement that U.S. Citizenship and Immigration Services will no longer collect biometrics from detained noncitizens.  This Biometrics Policy states, in relevant part, that "USCIS does not approve requests to collect biometrics from aliens or other persons who are detained or incarcerated . . . and have a pending immigration petition or application with USCIS."  ECF No. 14-2 (USCIS Policy Update) at 2.

Plaintiffs, J.Z., R.M., Y.P., M.C., H.A., and Luis Felipe Estrada Trejo, are noncitizens currently detained by ICE and who have pending applications for immigration relief before USCIS.  Plaintiffs now bring a class-action Complaint challenging the Biometrics Policy on behalf of themselves and others similarly situated.  They allege violations of the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment.  <u>See</u> ECF No. 1 (Compl.), ¶ 4.  In sum, Plaintiffs argue that this Policy unlawfully "closes the door to remedies that are, for many people, their only chance to avoid deportation."

Id., ¶ 3.  Plaintiffs seek various forms of injunctive, declaratory, and monetary relief.  See

Compl. at 29–30 (Prayer for Relief).

J.Z., R.M., Y.P., M.C., and H.A. concurrently filed this Motion to Proceed Under

Pseudonyms, contending that public disclosure of their identities could subject them and their

families to retaliation, abuse, and harassment.  See ECF No. 2 (Mot.).  Relatedly, they also seek

leave to file declarations related to their Motion under seal.  Id.  The Court will grant the Motion,

subject to any further consideration by the United States District Judge to whom this case is

randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . .

motion[s] to file a pseudonymous complaint"); see also LCvR 5.1(h)(1) ("Absent statutory

authority, no case or document may be sealed without an order from the Court.").

## I.      Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a);

LCvR 5.1(c)(1), 11.1.  This identification requirement reflects the "presumption in favor of

disclosure [of litigants' identities], which stems from the 'general public interest in the openness

of governmental processes,' and, more specifically, from the tradition of open judicial

proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal

Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to

proceed pseudonymously therefore "bears the weighty burden of both demonstrating a concrete

need for such secrecy, and identifying the consequences that would likely befall it if forced to

proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result,

the court must "balance the litigant's legitimate interest in anonymity against countervailing

interests in full disclosure" by applying a "flexible and fact driven" balancing test.  Id. (quoting

In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

(3)  the ages of the persons whose privacy interests are sought to be protected;

(4)  whether the action is against a governmental or private party; and relatedly,

(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (cleaned up).

Generally, a plaintiff filing a civil complaint must also file on the public docket.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  "The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings."  Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

(1) the need for public access to the documents at issue;

(2) the extent of previous public access to the documents;

(3) the fact that someone has objected to disclosure, and the identity of that person;

(4) the strength of any property and privacy interests asserted;

(5) the possibility of prejudice to those opposing disclosure; and

(6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.     Analysis**

The Court separately addresses pseudonymity and then sealing.

A.     Pseudonymity

At this early stage of litigation, Plaintiffs have successfully met their burden to show that their privacy interests outweigh the substantial interest that the public has in learning their identities.

The first factor asks whether the justification asserted by the moving party is to merely avoid the possible annoyance or inconvenience that may accompany litigation, or to preserve privacy in a sensitive or personal matter.  In re Sealed Case, 971 F.3d at 326.  This factor weighs heavily in favor of Plaintiffs' Motion because Plaintiffs are applicants for various forms of immigration relief, and they seek to proceed pseudonymously to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Mot. at 3 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  Plaintiffs have articulated that public release of their detailed applications for immigration relief could result in "retaliatory physical or mental harm."  Mot. at 4.  Courts in this district have previously recognized that asylum claims may be protected under the first factor when "publicly associating plaintiffs with the details of their asylum claims put[s] the plaintiffs and their family members in their country of origin at risk of retaliatory physical harm."  Asylum Seekers Trying to Assure Their Safety v. Johnson, 2023 WL 417910, at *3 (D.D.C. Jan. 26, 2023) (citing Asylumworks v. Wolf, 2020 WL 13460835, at *8–9 (D.D.C. Dec. 23, 2020)).  Further, Plaintiffs submit detailed medical histories and associated treatment, which is generally considered sensitive and highly personal information under this factor.  In re Sealed Case, 971 F.3d at 327.  Given that their lawsuit implicates privacy concerns of a highly sensitive and personal nature, the first factor weighs in their favor.

The second factor which concerns the "risk of retaliatory physical or mental harm," similarly tips Plaintiffs' way for largely the same reasons.  Id.  They assert that disclosure of their identities and immigration statuses would expose them and/or their families to potential physical or mental harm in the United States.  See Mot. at 4–5.  In support of these contentions, Plaintiffs have each filed declarations detailing the risks of violence, retaliation, and other harm. See ECF Nos. 2-1 (J.Z. Declaration); 2-2 (R.M. Declaration); 2-3 (Y.P. Declaration); 2-4 (M.C. Declaration); 2-5 (H.A. Declaration).  Although the risks faced by Plaintiffs differ in kind and degree, each has credibly articulated that he faces a risk of retaliation either in his country of origin or retaliatory harm from other actors.  And, as Plaintiffs state, this Court has previously granted pseudonymity where public disclosure of plaintiffs' immigration statuses "would expose them to retaliation."  Mot. at 5 (citing Does 1-158 v. Rubio, 2025 WL 2709775, at *2 (D.D.C. Sept. 23, 2025)).  Because disclosure carries a serious risk of harm for Plaintiffs and their families, the Court concludes that the second factor favors nondisclosure.

Plaintiffs do not elaborate upon the third factor — namely, "the ages of the persons whose privacy interests are sought to be protected."  In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97).  Although none of the Plaintiffs is a minor, one (J.Z.) is 19 years old.  As this Court has held, the third factor may weigh in favor of pseudonymity if disclosure could implicate the privacy interests of a young adult who is not a minor where the disclosure "concerns, in substantial part, confidential medical and educational records from when he was younger."  T.F. v. District of Columbia, No. 23-3612, ECF No. 4 (Mem. Op. & Order) at 3 (D.D.C. Dec. 7, 2023).  Only one of the Plaintiffs, however, is a young adult, and none is a minor.  This factor, therefore, favors disclosure.

The fourth factor asks whether the action is against a governmental or private party.  In re Sealed Case, 971 F.3d at 326.  When plaintiffs sue the government, as is the case here, the direction in which the fourth factor cuts can depend on the relief that they seek.  If they request programmatic relief that would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in their case "is intensified" and this factor cuts against pseudonymity.  Id. at 329.  On the other hand, if plaintiffs seek only individualized relief — for example, a judgment that their individual immigration relief was improperly delayed — then this factor would favor nondisclosure.  Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application — the fourth factor favors pseudonymity.") (citation omitted).

Here, Plaintiffs ask the Court to set aside Defendants' Biometrics Policy, and they also seek a declaration that the Policy violates federal statutes and implementing regulations governing the adjudication of immigration benefits as well as the Fifth Amendment to the Constitution.  See Compl., ¶¶ 111–16.  As Plaintiffs note, they are challenging the "facial validity of an across-the-board policy."  Mot. at 7.  Any ruling in their favor would amount to programmatic relief because it would "alter the operation of public law both as applied to [them] and, by virtue of the legal arguments presented, to" all those who have been or will be subject to Defendants' Biometrics Policy.  In re Sealed Case, 971 F.3d at 329.  The fourth factor thus cuts against the Plaintiffs and favors disclosure.

Finally, the last factor — whether letting Plaintiffs proceed pseudonymously would prejudice Defendants — counsels in favor of granting Plaintiffs' Motion.  Plaintiffs have stated

6

that they "will provide these declarations and supporting documents to Defendants" under seal.

See Mot. at 1.  The fifth factor is "not implicated" where the defendant knows the plaintiff's

identity.  In re Sealed Case, 971 F.3d at 326 n.1.  Defendants have consented to the

pseudonymous Complaint, further mitigating any possibility of prejudice.  See Mot. at 2.

In sum, although the third and fourth factors weigh against granting the Motion, the

remaining factors favor permitting the Plaintiffs to proceed with this litigation pseudonymously.

B.      Sealing

Plaintiffs also seek to file their declarations and related exhibits under seal.  The Court

finds that they have met their burden to overcome the presumption in favor of public access to

court records.  It will address each Hubbard factor in turn.

The first factor, regarding "the need for public access to the documents at issue," weighs

in favor of sealing.  Hubbard, 650 F.2d at 317.  The declarations that Plaintiffs seek to seal

include sensitive information for which there is no significant need.  See Monbo v. United States,

2023 WL 7129866, at *1 (D.D.C. Sept. 7, 2023).  Plaintiffs move to seal only their sensitive

immigration histories and other information that is not critical in aiding the public's

understanding of the allegations asserted.  Further, Plaintiffs do not seek to seal the entire suit

from public view.  True, the presumption of transparency is "at its apex when the government is

a party to the litigation."  Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017); see also

Hubbard, 650 F.2d at 317.  The Complaint furthermore implicates a new policy adopted by an

executive agency that may be of great interest to both the public and to regulated parties.  Indeed,

as Plaintiffs recognize, "the issues that Plaintiffs raise in this lawsuit . . . may well be a matter of

concern to the general public."  Mot. at 9.  As Plaintiffs state, however, the public can obtain a

full understanding of the allegations "based on the Complaint and other public filings in this case." Id.  As the Court concurs with this assessment, the first factor cuts in favor of sealing.

The second factor lands similarly.  In assessing this factor, a court is to "consider the public's previous access to the sealed information, not its previous access to the information available in the overall lawsuit." CNN v. FBI, 984 F.3d 114, 119 (D.C. Cir. 2021).  The subject of this suit and the substantive allegations therein are public since the suit has been filed on the public docket.  To the Court's knowledge, however, the public has never had access to the information underlying Plaintiffs' identities and their sensitive immigration records.  Indeed, as Plaintiffs note, for at least two of them, another federal court granted their motion to proceed pseudonymously for purposes of filing a petition of habeas corpus. See Mot. at 3–4.  Therefore, the second factor weighs in favor of sealing.

The third factor tilts the same way.  As is customary at this stage, the "[d]efendants have not taken a position on the request to file the declarations under seal." Mot. at 12.  "Plaintiffs themselves object to filing unsealed declarations due to their fear for their safety and the safety of their loved ones." Mot. at 9.  "[T]he fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010).  This factor therefore weighs in favor of sealing.

The fourth factor follows suit.  In assessing this factor, a court is to weigh "the strength of any property and privacy interests asserted." Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).  Hubbard itself contemplated that "[v]alid privacy interests might be asserted . . . in documents which reveal the intimate details of individual lives, sexual or otherwise." 650 F.2d at 324.  Here, Plaintiffs argue that their declarations include detailed medical information, as well as sensitive information detailing allegations of sexual assault. See

Mot. at 3–4.  Where, as here, a Plaintiff seeks to seal information that personally identifies her as well as private and intimate details of her personal life, this fourth factor favors sealing.

The fifth factor, which asks whether disclosure will prejudice the party seeking sealing, is neutral.  This factor considers if disclosure of the documents will lead to prejudice in future litigation to the party seeking the seal.  Hubbard, 650 F.2d at 321.  Here, Plaintiffs cite "the possibility of removal" and "risk of harm and retributive violence" as reason for prejudice, Mot. at 1, but do not explicitly indicate whether disclosure leads to any "harm in future litigation." Zapp, 746 F. Supp. 2d at 150.  But the relevant question under the fifth factor concerns legal prejudice that may follow from disclosure.  See United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 85 (D.D.C. 2020).  Where a party has not identified such prejudice contemplated by the fifth factor, this factor is neutral.  See Friedman v. Sebelius, 672 F. Supp. 2d 54, 60–61 (D.D.C. 2009).

The sixth and final factor concerns "the purposes for which the documents were introduced" and here it cuts against disclosure.  Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).  Disclosure is the norm where "the parties explicitly intended the Court to rely on [the sealed] materials in adjudicating their dispute."  Vanda Pharms., Inc. v. FDA, 539 F. Supp. 3d 44, 57 (D.D.C. 2021) (quoting Berliner Corcoran & Rowe LLP v. Orian, 662 F. Supp. 2d 130, 135 (D.D.C. 2009)).  But where, as here, the information is of a personal nature, and does not significantly implicate the "central claims of the litigation," the presumption in favor of unsealing the pleading is reduced.  United States v. Harris, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016).  The sixth and final factor thus weighs against disclosure because the personal information does not significantly change the claims made in the litigation.

When considered individually, none of the factors unequivocally favors disclosure, and when considered together, they counsel in favor of granting Plaintiffs' Motion. The Court will thus do so.

## III.   Conclusion

The Court accordingly ORDERS that:

1.  Plaintiffs' [2] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2.  All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action;

3.  Plaintiffs' supporting exhibits shall remain under seal; and

4.  Within fourteen days of this Order, Plaintiffs shall file:

    a.  A pseudonymous version of their [2] Motion and any attachments as a Notice to the Court on the public docket; and

    b.  A sealed declaration containing their real names and residential addresses.


/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: May 26, 2026

10