**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| J.Z., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States Department of Homeland Security, *et al.*,<br><br>Defendants. | ) | Civil Action No. 1:26-cv-01510-AHA |

**PROTECTIVE ORDER**

To facilitate the exchange of records and information for purposes of this litigation without undermining legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Protective Order").

1. Definitions:

a. Action: *J.Z., et al. v. United States Department of Homeland Security, et al.,* Case No. 1:26-cv-01510 (D.D.C.).

b. Agency Counsel: attorneys who are employees of an agency, Department, or Office that a Defendant to this Action leads. Agency Counsel does not include Counsel of Record or any other outside counsel.

c. Counsel: Counsel of Record and Agency Counsel (as well as their support staff) and specifically excluding all Parties.

d. Counsel of Record: attorneys who represent or advise a Party to this Action and have appeared in this Action on behalf of that Party.

e. Designating Party: a Party that designates information or items that it produces

in disclosures or in response to discovery as "Confidential."

f. Named Party: any party to this Action, excluding its Counsel of Record.

g. Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

h. Producing Party: a Party or non-Party that produces Protected Materials in this Action.

i. Protected Materials: Materials and information designated as "Confidential – Attorneys' Eyes Only," any information copied or extracted therefrom, and all copies, excerpts, summaries, or compilations of such materials or information.

j. Receiving Party: a Party that receives Protected Materials from a Producing Party.

2. A Producing Party may designate as "Confidential – Attorneys' Eyes Only" documents, testimony, written responses, emails, or other materials produced in this Action that contains personal identifying information, law enforcement sensitive information (which includes, but is not limited to, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E)), sensitive internal operational information, or proprietary information, the disclosure of which the Producing Party has a good faith basis to believe would likely jeopardize the safety of individuals, adjudicators, law enforcement officers, or the public, impede on the use of proprietary technology or databases, and/or threaten internal operations, including law enforcement operations or ongoing investigations.

3. Designation of paper or electronic documents as "Confidential – Attorneys' Eyes Only" requires that the Producing Party affix the term "Confidential – Attorneys' Eyes Only" to

each page that contains protected material or designate the document or portion thereof as "Confidential – Attorneys' Eyes Only" by subsequent written notice.

4. Protected Materials shall only be used for the purpose of this Action and for no other purpose. Except as provided by paragraph 5, Protected Materials shall be used only by the Receiving Party through its Counsel of Record.

5. Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Materials to the persons and entities identified below to the extent disclosure is necessary to assist with the prosecution or defense of this Action but not to the Named Parties (including their officers, directors, and employees):

a. The Parties' Counsel of Record and Agency Counsel who are actively engaged in the Action, including their associates, clerks, paralegals, in-house investigators, stenographic personnel, litigation support contractors and such other regular and temporary employees who assist Counsel in connection with the Action;

b. Any court adjudicating this matter, including its judges, law clerks, judicial assistants, clerks, interpreters and stenographic personnel in connection with the Action, in accordance with the terms of this Protective Order, including the provisions governing filing of Protected Materials;

c. The individuals and entities described below, provided that, in advance of disclosure, each reads this Protective Order and agrees in writing to be bound by its terms in the form attached hereto as Exhibit A:

i. Any designated arbiter or mediator who is assigned to hear this matter;

ii. Any expert or consultant retained by Counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceeding in

this Action;

iii. Actual and potential deposition or trial witnesses in this Action (including use in connection with the preparation of said witnesses); and

iv. Any other person or entity upon such terms and conditions as the Parties may agree or as the Court may hereafter order.

d. Proof of each written agreement provided for under this paragraph 5 shall be preserved by each of the Parties while the Action is pending and be turned over to the other Parties if ordered to do so by the Court.

6. Protected Materials shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed pursuant to the Court's procedures for filing under seal by Counsel and marked in the same manner as described in paragraph 2 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court. Any Party may present designated information to the Court under seal for a determination of the claim of whether the information has been properly designated under paragraph 2.

7. All Protected Materials produced to Plaintiffs' Counsel, and any copies thereof, and the information contained therein, must be stored in a secure manner by Plaintiffs' Counsel and by any associates, clerks, paralegals, litigation support contractors and such other regular and temporary employees of Plaintiffs' Counsel who have access to the information.

8. Any Party's failure to designate any materials as "Confidential – Attorneys' Eyes Only" shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order. Promptly after receiving notice from the Producing Party of a claim of

confidentiality, the Receiving Party or its Counsel shall inform the Producing Party of all pertinent facts relating to any previous disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure. If such disclosure was made, the Parties shall treat the record, document, and/or the information contained therein as subject to this Protective Order from the date of its designation as “Confidential – Attorneys’ Eyes Only” from that point forward.

9. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person or entity to whom it has disclosed Protected Materials in accordance with this Protective Order, has disclosed Protected Materials to any person or entity or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure:

a. promptly notify the person(s) or entity to whom the unauthorized disclosure was made that the unauthorized disclosure contains Protected Materials subject to this Protective Order;

b. promptly make all reasonable efforts to obtain the return of the Protected Materials and to prevent further unauthorized disclosure of the Protected Materials, including requesting the person(s) or entity who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as “Exhibit A;” and

c. within five (5) business days notify the Producing Party and all other Parties of the identity of the person(s) or entity to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Protected Materials that were the subject of unauthorized disclosure.

10. Any Party who becomes aware of any violation of the terms of this Protective

Order may bring the matter to the attention of the Court, which may impose any remedy or sanction it deems appropriate. Prior to filing any motion or application before the Court to enforce this Protective Order, the moving Party shall notify all other Parties in writing and meet and confer in good faith in an attempt to resolve their dispute(s).

11. Nothing in this Protective Order shall preclude the Parties from seeking amendments to expand or restrict the rights of access to and use of Protected Materials subject to order by the Court.

12. Nothing in this Protective Order shall limit the Parties' right to disclose their own information designated "Confidential – Attorneys' Eyes Only." Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

13. At the request of Defendants, Plaintiffs' Counsel shall certify the destruction of all documents designated as "Confidential – Attorneys' Eyes Only" and produced by Defendants. The certification shall be made within thirty (30) days of the termination of this Action and/or receipt of the request, whichever is later.

14. The restrictions on disclosure and use of Protected Materials shall survive the conclusion of this Action and this Court shall retain jurisdiction of this Action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO ORDERED.

Date: October 15, 2026

AMIR H. ALI
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J.Z., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-01510-AHA |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ________________________________, have read and understood the Protective Order entered in the case of *J.Z., et al. v. United States Department of Homeland Security, et al.*, Case No. 1:26-cv-01510-AHA (D.D.C.), and agree to be bound by all of its terms, including agreeing not to disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and I agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purposes of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: ________________

________________________________
Signature.