JONATHAN D. GUYNN
*Acting Assistant Attorney General*
SAMUEL P. GO
*Assistant Director*
KATHERINE J. SHINNERS
*Senior Litigation Counsel*
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov
JAMES A. HURLEY
AYSHA IQBAL
*Trial Attorneys*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| J.Z., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. Department of Homeland Security, *et al.*,<br><br>Defendants. | Civil Action No. 1:26-cv-01510-AHA |

**THE PARTIES' JOINT STATUS REPORT IN RESPONSE TO ORDER DATED OCTOBER 28, 2026**

The Parties submit this joint status report in accordance with the Court's October 28, 2026 Minute Order, which directed "[t]he parties [to] file another status report supported by sworn declarations by November 11, 2026."

On October 7, 2026, the Court issued an Order which granted a stay of the effective date of the following agency actions pending litigation, as those actions were defined by the Court: (1)

a U.S. Citizenship and Immigration Services (USCIS) policy stating that the Department of Homeland Security (DHS) "will generally not take biometrics of detained aliens with pending applications to USCIS for immigration status," set forth in the December 5, 2025 Policy Alert (ECF No. 14-3) and Press Release (ECF No. 14-2); (2) the "implementation of the policy, including policy manual revisions" (citing ECF No. 14-4 ("Policy Manual Updates")); and (3) "rescission of [U.S. Immigration and Customs Enforcement's (ICE's)] obligation to collect biometrics" (citing Nos. ECF 14-2, 14-3). Order at 22–23. The Court held that this would restore "the status quo in which DHS collected biometrics for detained people." *Id.* at 23. The Court further ordered Defendants to "file a status report by October 21, 2026, apprising the court of compliance with the order." *Id.*

On October 21, 2026, Defendants submitted their status report (ECF No. 48), which generally reported Defendants' compliance efforts as follows: (1) DHS collects biometrics from applicants in ICE detention through collection of fingerprints using the FD-258 fingerprint card, which USCIS reported is generally sufficient for biometrics collection; and (2) USCIS was then in the process of updating its website pages containing the December 5, 2025, Policy Alert, Press Release, and Policy Manual Updates to reflect that these have been stayed by the Order and that the status quo under which DHS collects biometrics from detainees with pending applications before USCIS is restored.

*Defendants' Section*

In accordance with the Court's October 28, 2026 Minute Order, Defendants submit the attached Declarations of Lisette Kvortek, of USCIS's Office of Policy and Strategy (Exhibit A, "Kvortek Declaration"), and Shohel Mollah, of ICE Enforcement and Removal Operations (ERO) (Exhibit B, "Mollah Declaration"), attesting to the previously-reported compliance efforts and further reporting the status of their compliance with the Section 705 stay as follows:

(1) DHS is collecting biometrics as follows:

a. ICE confirms that it continues to collect biometrics from individuals in ICE custody who have pending USCIS applications through the collection of finger prints on Form FD-258 fingerprint cards. Mollah Decl. at ¶¶ 6-11. ICE sent out an email to all ERO personnel on July 1, 2026, regarding this process, and reiterated the continued applicability of that process in emails to relevant personnel sent on September 2 and 3, 2026. *Id.* at ¶¶ 7-8. ICE's procedure requires that a request initiate the process because without a request, ICE would not be aware of any need to assist with biometrics collection for a USCIS application. *See id.* at ¶ 6. While the July 1, 2026 ERO Broadcast references initiation of FD-258 civil fingerprint collection upon request of the attorney of record, an attorney request is not necessary and no one will be denied fingerprint collection based on that language. *Id.* at ¶ 11.

b. USCIS confirms that, under its procedures, submission of the FD-258 card is an appropriate method for submission of biometrics for aliens detained by U.S. Immigration and Customs Enforcement (ICE) with pending applications with USCIS. Kvorek Decl. at ¶ 9. Once the Texas Service Center receives the FD-258 cards from ICE, USCIS personnel scan the cards into USCIS systems and biometrics are processed in accordance with USCIS standard procedures. *Id.* at ¶ 15. In some individual cases, USCIS adjudicators may request that ICE provide additional biometric information for the detained applicant, such as photographs. *See id.* at ¶ 16; *see also* Mollah Decl. ¶ 6. Generally, fingerprints are run through the FBI background check process and USCIS must adhere to its standards for collection. Kvorek Decl. at ¶ 16.

c. Additionally, USCIS is developing a process to facilitate biometrics collection when USCIS becomes aware that an alien in ICE custody missed a scheduled biometrics appointment. USCIS will coordinate with ICE to obtain biometrics needed to continue processing the alien's benefit request. *Id.* at ¶ 11. However, individual attorneys and detained aliens should nonetheless continue to alert ICE Enforcement and Removal Operations (ERO) when they receive a biometrics appointment notice and need to provide biometrics for an immigration benefit request. *Id.* at ¶ 12.

d. These efforts more than comply with the stay of agency action at issue in the Court's Order. However, USCIS reports that USCIS and ICE continue to work together to find operational efficiencies for collection of biometrics for alien detainees, and that additional system to system improvements are being examined. *Id.* at ¶ 17.

(2) Defendants have informed employees of the Court's Order and its implementation:

a. Leadership within USCIS program offices and directorates were briefed on the Section 705 stay and the process for detainee fingerprint submission via FD-258 card transmitted to the Texas Service Center. Kvorek Decl. at ¶ 8.

b. The USCIS Office of Policy and Strategy (OP&S) is working with various offices within USCIS and ICE to ensure proper communication of the process for obtaining biometrics from alien detainees. *Id.* at ¶ 10.

(3) USCIS has also updated relevant websites (which are both internal and public-facing) to address the Court's Order and its import on agency actions:

**a.** On October 22, 2026, USCIS published communications on the public facing USCIS.gov website, updating the following pages: the December 5, 2025

Policy Alert (ECF No. 14-3); Press Release (ECF No. 14-2); and the USCIS Policy Manual, Volume 1– General Policies and Procedures, Part C – Biometrics Collection and Security Checks, Chapter 2 – Biometrics Collection. Kvorek Decl. at ¶ 5. Each of these USCIS publications now contain an alert that contains the language "Court Stayed USCIS Biometrics Policy for Detained Aliens J.Z. et al. v. United States Department of Homeland Security, et al., 26-cv-01510-AHA (D.D.C.)" and explains the operational impact of the Court's order. *Id.* at ¶ 6; *see also* https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20251205-BiometricsCollection.pdf; https://www.uscis.gov/newsroom/alerts/uscis-updates-policy-on-biometrics-for-detainees; https://www.uscis.gov/policy-manual/volume-1-part-c-chapter-2 (last visited November 9, 2026).

b. On October 22, 2026, USCIS also reverted the language in the relevant USCIS Policy Manual section on Persons in Custody to the language present prior to the December 5, 2025 changes. Kvorek Decl. at ¶ 7; *see also* https://www.uscis.gov/policy-manual/volume-1-part-c-chapter-2 (last visited November 9, 2026).

These facts more than demonstrate that USCIS has stayed its policies to restore a status quo under which DHS collects biometrics from persons in ICE custody with requests for immigration benefits pending before USCIS, in compliance with the Court's Order. And the USCIS Office of Policy and Strategy attests that it is working with various offices within USCIS and ICE to ensure that there is "proper communication of the process for obtaining biometrics from alien detainees." *Id.* at ¶ 10. Plaintiffs state below, however, that they do not believe that

Defendants are in compliance with the Order. Yet the Order is a stay of agency action; it does not dictate a particular approach to the collection of biometrics, nor can it impose requirements that did not previously exist absent the stayed policy. Plaintiffs do not point to any evidence or any language in the Order that specifies that an obligation for ICE to collect and transmit biometrics for purposes of a USCIS application is triggered without a request from a detainee or his or her counsel. However, as noted above, Defendants have undertaken additional efforts to seek to ensure that those in ICE custody with pending USCIS applications can have their biometrics collected for purposes of their pending requests. Specifically, USCIS is developing a process for USCIS to coordinate with ICE to obtain biometrics needed to continue processing the alien's benefit request when USCIS learns that a person in ICE custody has missed a scheduled biometrics appointment. *See* Kvorek Decl. at ¶ 11. Although Plaintiffs complain that collecting biometrics at that point in the process is insufficient, it is unclear why this would be so. Additionally, Defendants are examining other ways of coordinating biometrics collection and submission. *Id.* at ¶ 17. Finally, Defendants' counsel will seek to investigate the specific cases Plaintiffs identified just today in which Plaintiffs believe the procedures in the ICE July 1 broadcast email were not followed.

*Plaintiffs' Section*

While Plaintiffs appreciate Defendants' updates, they do not believe Defendants are in compliance with the Court's October 7, 2026 order.

1. Defendants state that ICE collects fingerprints of detained people with pending USCIS applications only when the detained person makes an affirmative request. Mollah Decl. at ¶ 6 ("ICE's procedure requires that a detainee's request initiate the process"). This does not comply with the Court's order, which "restor[ed] the status quo in which DHS collected biometrics for detained people with pending USCIS applications," without any limitation to detainees who make an affirmative request. Oct. 7, 2026 Memo. & Order 23, Dkt. 46 (staying the "rescission of ICE's

obligation to collect biometrics"); *id*. at 2 (finding that DHS policy previously "required ICE to collect biometrics for detained people with USCIS applications," citing the policy alert and the previous version of the USCIS manual). Especially if they do not have an attorney, detained people who have received a notice to appear at a USCIS Application Support Center for a biometrics appointment may not know that they need to ask *ICE* to collect the necessary biometrics, how to make that request, or to whom they need to direct it.[1]

Plaintiffs raised this concern with Defendants on November 2, 2026, and asked DHS has considered approaches that would obviate the need for an affirmative request. For example, Plaintiffs inquired whether USCIS could prompt ICE to collect a detainee's biometrics in lieu of sending the detainee a futile notice to appear at an Application Support Center. Defendants declined to say whether they had considered any such solution. Instead, they simply responded that this Court's does not require ICE to collect and submit biometrics absent a request.

2. ICE's declaration does not indicate that ICE sent all relevant personnel notice of the Court's order. Instead, it indicates that ICE is following its July 1, 2026, entitled "Options for Processing Detainees in ICE Custody Who Have a Pending Benefit Request," filed at Dkt. No. 38-1. Mollah Decl. ¶¶ 7, 9. That email requires a "request from [an] attorney of record." Dkt. No. 38-1. ICE purports to address this language by stating that ICE "takes fingerprints of detainees as a standard part of in-processing" on "Form FD-249," and "an attorney request is not necessary" to obtain fingerprint collection on Form FD-258. Mollah Decl. ¶ 11. But USCIS requires a separate collection on Form FD-258, not the Form FD-249 used for standard booking. Kvorek Decl. at ¶ 9.

[1] Plaintiffs have attempted to share information with noncitizens throughout the country about the Court's order and the process for obtaining biometrics collection while detained in ICE custody. While it is possible to communicate the need to request ICE assistance to people who have counsel, people who are proceeding pro se do not have the same access to the information needed to ensure proper collection and sharing of their biometric information.

Plaintiffs therefore remain concerned that ICE is requiring an attorney request to initiate biometrics collection for detainees with USCIS applications. ICE should provide an updated declaration addressing whether attorney requests are necessary for Form FD-258 fingerprint collections that are not conducted as part of standard processing. Further, if the email broadcast is incorrect, ICE should confirm that it has sent a correction to all relevant personnel.

Although Defendants claim that "USCIS is developing a process to facilitate biometrics collection when USCIS becomes aware that an alien in ICE custody missed a scheduled biometrics appointment," missed biometrics appointments can result in the denial of an application. Therefore, collections should not wait until the detained person misses an appointment.

3. While the USCIS declaration states that USCIS adjudicators may request additional biometric information from ICE, such as photographs, and ICE "is able to share the one taken as part of in-processing," the July 1 broadcast email does not instruct them to do so. *See* Dkt. No. 38-1. And it is unclear whether ICE has instructed the relevant personnel to transmit those photographs when required, how ICE does so, or whether USCIS accepts them. Defendants should provide a declaration clarifying that they are complying with this Court's order by requiring ICE to collect and provide this information to USCIS if it is needed to process a pending application.

5. Since the October 7, 2026 order of this Court, Plaintiffs learned of at least seven cases in which attorneys have requested that ICE facilitate the biometrics collection for their clients and ICE has either ignored the request or refused to follow the procedures as outlined in the July 1, 2026 Broadcast. Plaintiffs informed Defendants of those cases today, November 11, 2026, so that Defendants' counsel can investigate.

6. As explained above, the declarations do not state the agency has notified personnel responsible for collecting biometrics of the Court's order, only that USCIS briefed "leadership." Kvortek Decl. ¶ 8. To ensure compliance, USCIS and ICE should notify personnel of the order.

Plaintiffs will continue to work with Defendants to attempt to resolve these compliance issues and will seek further relief from the Court if necessary.

Respectfully submitted,

JONATHAN D. GUYNN
*Acting Assistant Attorney General*

SAMUEL P. GO
Assistant Director

By: /s/ Katherine J. Shinners
KATHERINE J. SHINNERS
Senior Litigation Counsel
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Tel: (202) 598-8259
Email: katherine.j.shinners@usdoj.gov

JAMES A. HURLEY
AYSHA IQBAL
Trial Attorneys

Dated: November 11, 2026

*Attorneys for Defendants*

/s/ Sean Ouellette (w/ permission)
Sean Ouellette (DC Bar 1741535)
Alethea Anne Swift (DC Bar No. 1644929)
Jennie L. Kneedler (DC Bar No. 500261)
Paul R.Q. Wolfson (DC Bar No. 414759)
Elena Goldstein (DC Bar No. 90034087)
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
Phone: (202) 322-1959
souellette@democracyforward.org
jkneedler@democracyforward.org
aswift@democracyforward.org
pwolfson@democracyforward.org
egoldstein@democracyforward.org

Mary Georgevich
Keren Zwick (D.D.C. Bar No. IL0055)
Richard Caldarone (DC Bar No. 989575)
Gerardo Romo
Nicole May
**NATIONAL IMMIGRANT JUSTICE CENTER**

111 W. Jackson Blvd. Suite 800
Chicago, IL 60604
Phone: (312) 660-1364 (Zwick)
mgeorgevich@immigrantjustice.org
kzwick@immigrantjustice.org
rcaldarone@immigrantjustice.org
gromo@immigrantjustice.org
nmay@immigrantjustice.org

Michelle N. Mendez
**NATIONAL IMMIGRATION PROJECT**
1763 Columbia Road NW
Suite 175 #896645
Washington, DC 20009
Phone: 410-929-4720
michelle@nipnlg.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

By: *_/s/ Katherine J. Shinners_*
KATHERINE J. SHINNERS
Senior Litigation Counsel
United States Department of Justice
Civil Division